IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RICKY RONNELL EWING**                                          **PETITIONER**

**V.**                                              **CIVIL NO. 1:15-CV-381-HSO-JCG**

**HUBERT DAVIS** *Warden* **and**                                **RESPONDENTS**
**TIMOTHY BARNES** *Deputy Warden*

### REPORT AND RECOMMENDATION

BEFORE THE COURT is the *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Ricky Ronnell Ewing. (ECF No. 5, 6, 10). Respondents Hubert Davis and Timothy Barnes have responded to the Petition by filing a Motion to Dismiss (ECF No. 13), and Ewing has filed a Response to the Motion to Dismiss (ECF No. 16). Having considered the submissions of the parties, the record, and relevant legal authorities, the undersigned United States Magistrate Judge concludes that Ewing's Petition is barred by the statute of limitations and should be dismissed with prejudice.

FACTS AND PROCEDURAL HISTORY

On October 8, 2001, in the Circuit Court of Clay County, Mississippi, Ewing pleaded guilty to manslaughter and possession of a weapon by a convicted felon. (ECF No. 13-1, 13-2). He was sentenced to twenty years in the custody of the Mississippi Department of Corrections (MDOC) for manslaughter and three years for possession of a weapon by a convicted felon, to be served consecutively. *Id*.

Over the course of several months in 2012, Ewing received five rule violation

reports (RVRs), each resulting in a 30-day loss of earned time. (ECF No. 5; ECF No. 10-1, at 11, 13, 26, 29, 32). Though the RVR forms expressly provided that Ewing could appeal the RVR findings to the Legal Claims Adjudicator within 30 days, Ewing did not appeal any of the RVRS. (ECF No. 13, at 4-5).

Instead, Ewing waited until June 23, 2015, about two and half years later, to file a grievance with MDOC's Administrative Remedy Program requesting his earned time back. (ECF No. 13-4, at 3). The grievance was rejected as untimely. *Id.* at 4. Ewing filed another grievance on July 20, 2015, requesting his earned time back. (ECF No. 10-1, at 6). This grievance was also rejected. *Id.* at 7.

Ewing then filed a 42 U.S.C. § 1983 Complaint, which was received by this Court on August 27, 2015. (ECF No. 1 in *Ewing v. Cooley,* Civil Action No. 1:15-cv-277-HSO-JCG). Because the Complaint contained both habeas and § 1983 claims, Ewing's habeas claims were severed, and this civil action opened for the habeas claims to proceed separately. Ewing now petitions the Court to restore his earned time and order that he be released from incarceration for time served.

    1.    <u>Petitioner's Claims are Barred by the Statute of Limitations</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, applies in this case and provides in part as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

>review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under the prisoner mailbox rule, Ewing's Petition is deemed filed on the date that Ewing delivered the Petition to prison officials for mailing to the district court. *Richards v. Thaler,* 710 F.3d 573, 576 (5th Cir. 2013). Ewing's Petition was therefore "filed" sometime between the date it was signed on August 19, 2015, and the date it was received by the Court on August 27, 2015.

The RVRs that are the subject of Ewing's Petition were issued in 2012. Ewing's loss of earned time for all of the five RVRs was officially reduced during the year 2012. (ECF No. 10-1, at 9). Any petition challenging Ewing's loss of earned time for the 2012 RVRs was due in 2013, but Ewing did not file his Petition until

August 2015. *See Kimbrell v. Cockrell,* 311 F.3d 361, 363-64 (5th Cir. 2002) (holding one-year period begins to run at conclusion of disciplinary hearing depriving habeas petitioner of good-time credit because this is the date that "the factual predicate of the claim or claims could have been discovered through the exercise of due diligence."). Ewing's habeas claims are barred by the AEDPA's statute of limitations, 28 U.S.C. § 2244(d). Equitable tolling is not warranted because Ewing has not demonstrated that he pursued his rights diligently and some extraordinary circumstance prevented timely filing. *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013).

## RECOMMENDATION

The undersigned recommends that Defendants' Motion to Dismiss (ECF No. 16) be GRANTED, and Ewing's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 dismissed with prejudice as barred by the AEDPA's statute of limitations, 28 U.S.C. § 2244(d).

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3):

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the

objection.

L.U.Civ.R. 72(a)(3); see 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 17th day of January, 2017.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE