IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| RICKY RONNELL EWING | § | PETITIONER |
| | § | |
| | § | |
| v. | § | Civil No. 1:15cv381-HSO-JCG |
| | § | |
| | § | |
| HUBERT DAVIS, *Warden,* and | § | |
| TIMOTHY BARNES, *Deputy Warden* | § | RESPONDENTS |

**ORDER ADOPTING MAGISTRATE JUDGE'S [17] REPORT
AND RECOMMENDATION, GRANTING RESPONDENTS'
[13] MOTION TO DISMISS, AND DISMISSING WITH PREJUDICE
PETITION FOR WRIT OF HABEAS CORPUS**

This matter comes before the Court on the Report and Recommendation [17] of United States Magistrate Judge John C. Gargiulo, entered in this case on January 17, 2017, and the Motion to Dismiss [13] filed by Respondents Hubert Davis and Timothy Barnes on July 11, 2016. The Magistrate Judge recommended that Respondents' Motion to Dismiss [13] be granted and that Petitioner Ricky Ronnell Ewing's Petition for Writ of Habeas Corpus be dismissed as barred by the statute of limitations. R. & R. [17] at 4. After due consideration of the Report and Recommendation [17], the Motion to Dismiss [13], the record, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [17] should be adopted, that Respondents' Motion to Dismiss [13] should be granted,

and that Petitioner's Petition for Writ of Habeas Corpus should be dismissed with prejudice.

## I.   BACKGROUND

A.   Factual Background

On or about October 8, 2011, Petitioner Ricky Ronnell Ewing ("Petitioner") entered guilty pleas in two different cases in the Circuit Court of Clay County, Mississippi.   Sentencing Order [13-1] at 1-3; Sentencing Order [13-2] at 1-3. Petitioner pleaded guilty to the crimes of manslaughter in violation of Mississippi Code § 97-3-35, and being a convicted felon in possession of a firearm in violation Mississippi Code § 97-37-5, and was sentenced to a 20-year term of imprisonment and a three-year term of imprisonment, respectively, to run consecutively, in the custody of the Mississippi Department of Corrections ("MDOC").   Sentencing Order [13-1] at 1-3; Sentencing Order [13-2] at 1-3.

During his incarceration, in 2012, Petitioner received five Rule Violation Reports ("RVRs"), which each resulted in 30-days of lost "earned time."   *See* RVRs [10-1].   The RVRs advised Petitioner that he could appeal the findings to the Legal Claims Adjudicator within 30 days, *see id.*, but the record reflects that Petitioner did not timely appeal.

On or about June 23, 2015, Petitioner filed an MDOC Administrative Remedy Program ("ARP") form requesting his "loss of earned time back."   ARP [13-4] at 3. Petitioner's ARP was rejected as untimely because there had been a lapse of more than 30 days between the event the initial request.   ARP [13-4] at 1.   On July 20,

2015, Petitioner filed another ARP form requesting to "get [his] loss of earned time back," ARP [10-1] at 6, which was again rejected, ARP [10-1] at 7.

B.   Procedural History

On August 19, 2015, Petitioner signed a Complaint pursuant to 42 U.S.C. § 1983, which was filed by the Clerk of Court in a different civil action, 1:15cv277-HSO-JCG, on August 27, 2015.   On November 16, 2015, the Court entered an Order [6] severing Petitioner's habeas claims from the § 1983 action, and directing the Clerk of Court to open the present case for Petitioner's habeas claims pursuant to 28 U.S.C. § 2254.   Order [6] at 1-2.   The present habeas case was opened on that date.

On July 11, 2016, Respondents Hubert Davis and Timothy Barnes ("Respondents") filed a Motion to Dismiss [13].   Petitioner filed a Response [16] in opposition to the Motion on September 2, 2016.   The Magistrate Judge entered a Report and Recommendation [17] on January 17, 2017, recommending that Petitioner's habeas corpus Petition pursuant to § 2254 be dismissed with prejudice as barred by the statute of limitations.

A copy of the Report and Recommendation was mailed to Petitioner at his address of record via certified mail, return receipt requested, on January 17, 2017. The acknowledgement of receipt [18] was marked delivered on January 24, 2017. Acknowledgement [18] at 1.   Petitioner has not filed any objections to the Report and Recommendations, and the time for doing so has passed.

## II.  DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it.   28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").   In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review.   *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law.   Even under a de novo review, the Court concludes that Petitioner's application for habeas relief is barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d).   Dismissal is warranted.

## III.  CONCLUSION

For the reasons stated herein, the Court will adopt the Magistrate Judge's Report and Recommendation [17] as the opinion of this Court and will dismiss Petitioner's Petition for Writ of Habeas Corpus with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [17] of United States Magistrate Judge John C. Gargiulo, entered in this case on January 17, 2017, is adopted in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Motion to Dismiss [13] filed by Respondents Hubert Davis and Timothy Barnes on July 11, 2016, is **GRANTED**, and Petitioner Ricky Ronnell Ewing's Petition for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 16th day of February, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

5